867 F.2d 608
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William ADAMS, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 88-2804.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 27, 1988.
Decided: Jan. 11, 1989.
 
 James H. Coleman, on brief, for Appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, James A. Winn, Assistant, Regional Counsel, Office of the General Counsel, Department of Health and Human Services; Michael W. Carey, United States Attorney, Kurt E. Entsminger, Assistant United States Attorney, on brief, for appellee.
 Before JAMES DICKSON PHILLIPS, Circuit Judge, BUTZNER, Senior Circuit Judge, and TERRENCE W. BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 William Adams appeals from a district court order affirming the denial of social security disability benefits. We affirm.
 
 I.
 
 2
 Appellant filed an application for disability insurance benefits on April 16, 1985, alleging disability commencing May 11, 1984, due to a leg injury and a back condition. On appeal from initial and reconsidered denials, an administrative law judge (ALJ) found appellant not disabled in a decision which became the final decision of the Secretary when the Appeals Council denied a request for review. Subsequent to the filing of the complaint in the district court, the case was remanded to the Secretary for consideration of new evidence consisting of psychiatric and psychological evaluations. The ALJ then held a supplemental hearing at which the testimony of a vocational expert was presented. The ALJ again found the appellant not disabled. This decision was adopted by the Appeals Council and became the Secretary's final decision. On March 23, 1988, the district court granted summary judgment for the appellee in that the evidence, though conflicting, nevertheless provided substantial support for the Secretary's decision.
 
 
 3
 At the time of the administrative decision, Adams was forty-two years old and had obtained a sixth grade education. His chief former employment was as a coal miner. The ALJ found that "claimant has a severe left ankle area soft tissue injury, treatment history for left arm, wrist and left leg fibular fractures, ... mild chronic low back strain, lifelong intelligence limitations attributable to his sixth grade education and 77 verbal I.Q., ... anxiety and depression, mild at most." The ALJ concluded that appellant was unable to perform his past relevant work as a coal miner. However, the ALJ found that the appellant still had the "residual functional capacity to perform the physical exertion and nonexertional requirements of work except for activity beyond the light and sedentary levels defined by the regulations." A vocational expert presented with the limitations found by the ALJ concluded that there were simple, low stress, repetitive, routine jobs which the appellant could perform. Thus, the ALJ concluded that the appellant was not disabled and not entitled to disability insurance.
 
 II.
 
 4
 Under the Social Security Act, the scope of judicial review of the final decision of the Secretary is limited to whether, based on the record as a whole, the decision is supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (West 1983); Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is:
 
 
 5
 "[E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.' "
 
 
 6
 Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966) (citations omitted)). It is clear that the medical evidence of appellant's physical impairments support the ALJ's findings. A closer question is the extent of the appellant's psychological impairments. Again, there is substantial evidence to support the ALJ's finding of no disability.
 
 
 7
 Appellant was examined by three psychiatrists. Only one of these psychiatrists found him to be disabled. The ALJ was faced with conflicting evidence as to the appellant's psychological disability. In order to carry out the ALJ's duty as a fact finder, conflicts must be resolved and evidence must be weighed. Blalock v. Richardson, 483 F.2d 773, 777 (4th Cir.1972).
 
 
 8
 One psychiatrist found the appellant to be "100% disabled on a psychiatric basis for his usual occupation." This conclusion, however, could be fairly construed as contrary to the evidence found in this psychiatrist's own report. The ALJ gave greater weight to the other two psychiatric reports which did not find the appellant to be disabled. While all of the psychiatric and psychological examinations indicate that Adams suffers from mild anxiety and depression, none of the evidence obtained from these examinations supports the finding that Adams is "100% disabled."
 
 
 9
 On review of the record as a whole, we hold that the ALJ's findings of Adams' impairments and pain are supported by substantial evidence. The vocational expert's testimony, in response to a hypothetical question based on the findings of the ALJ, substantially supported the finding that there are jobs which Adams can perform despite his limitations, and that he is not disabled.
 
 
 10
 AFFIRMED.